**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40552
(Summary Calendar)
_____

FEDERICO GARZA,

Plaintiff-Appellant,

versus

CHARLES WEEKLEY, As Mayor
of the City of San Benito, Texas

Defendant-Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas,
(B-94-CV-232)

_____

April 15, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Appellant Federico Garza appeals the lower court's granting of sanctions pursuant to Fed.

R. Civ. P. 11 against him.  Finding no abuse of discretion, we AFFIRM.


**FACTS**

_____

   [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Garza was a commissioner of the Public Housing Authority (PHA) of the City of San Benito in Cameron County, Texas. Weekley, mayor of San Benito dismissed Garza, who filed suit against Weekley in state court, alleging wrongful termination in violation of due process. When Weekley removed the cause to federal court, the district court remanded the case to state court based on Garza's assertion that the due process claim was based solely on state law.

One week before the case was set for trial in state court, Garza filed his third amended petition wherein he alleged that the due process right upon which he was suing was based on the U.S. Constitution. Weekley again removed the case to federal court, and moved for sanctions against Garza on grounds that he had fraudulently induced the first remand. Weekley requested an order striking Garza's federal claims and a monetary award for reasonable attorney fees.

After a hearing conducted by a magistrate judge, and pursuant to Garza's objections, the lower court reviewed *de novo* the magistrate judge's proposed orders. The court affirmed the magistrate judge's sanction award of $4,298.05, the amount delineated by Sossi, Weekley's counsel, in his affidavit as the portion of his fees spent on only the removal and remand aspects of the case. The court affirmed the magistrate judge's other orders that the case be remanded, and that Garza's federal causes of action "be forever stricken." Furthermore, the court held that if Garza failed to comply with the sanction order, "he does so under peril of a contempt order from this Court."

Garza has appealed only the sanction order, contending that the sanction award was improper because he only received a copy of the affidavit after it had been ruled upon, that he had been denied any opportunity to cross-examine Sossi concerning that affidavit, and that he had been denied an opportunity to present oral or written arguments against Weekley's claim for sanctions.

## DISCUSSION

2

Mayor Weekley contends that the sanction order is unappealable because it "is not a final order." This court and the district court retain jurisdiction over the Rule 11 aspect of a case, even if the removal of the case to federal court was improper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1172 (5th Cir. 1988), *aff'd,* 503, 855 U.S. 131, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992). Accordingly, this court has jurisdiction of Garza's appeal.

The propriety of a district court's Rule 11 sanctions are reviewed for abuse of discretion. *Willy,* 855 F.2d at 117.; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 358 (1990). However, "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405.

The district court did not abuse its discretion by sanctioning Garza because the federal claims he alleged in his third amended petition were found to be groundless and contrary to his specific prior denials. Garza's factual averment that he did not receive a copy of Sossi's affidavit is contradicted by the lawyer's certificate of service. While the district court's opinion did not advert to whether Garza received the copy or had any opportunity to contest it, Garza knew several months before the magistrate judge's determination of quantum that the affidavit was going to be filed, and the magistrate judge had specifically stated that either side could request another hearing on quantum. In lieu of requesting another hearing, Garza filed a motion for leave to serve interrogatories relative to the motion for sanctions, and for a continuance pursuant to the same motion. In view of Garza's failure to request an additional hearing, it was not an abuse of discretion for the magistrate judge to proceed with a determination of the quantum of the sanction. "Deference to the determination of

courts on the front lines of litigation will enhance these courts' ability to control the litigants before them." *Cooter & Gell*, 496 U.S. at 404.

If the district court makes a "substantial award" of attorney fees as a sanction, it must determine that the award "satisfie[s] the requirement that the fees must have been reasonably incurred as a result of a violation of Rule 11 and in light of the duty to mitigate." *Willy*, 855 F.2d at 1173. The claimant must "submit... sufficiently detailed information from which the district court [can] determine what portion of [the] fees and expenses were incurred because of Rule 11 violations." *Id.* Mr. Sossi's affidavit complies with this requirement, both as to the determination that the fees were incurred as result of the violation, and as to the amount of those fees. Thus, the district court did not abuse its discretion by imposing the monetary sanction. AFFIRMED.